# NO. 12-08-00402-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TIMOTHY LEE MULLINS,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Timothy Lee Mullins appeals his conviction for murder. Appellant's counsel has filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss Appellant's appeal.

#### BACKGROUND

Appellant was charged by indictment with murder. He pleaded not guilty, and a jury trial was held. The evidence at trial showed that Appellant shot his companion, Susie Strong, four times as she sat in a recliner in their home. He then shot himself by pointing a pistol under his chin and pulling the trigger. The bullet passed through the front part of Appellant's head. Strong died from her injuries, but Appellant survived. Prior to trial, Appellant told the police that he shot Strong because she was very ill and he could not cope with her alcoholism. The trial court instructed the jury to consider whether Appellant was guilty of the charged offense of murder or the lesser included offense of manslaughter or criminally negligent homicide. The jury convicted Appellant of murder.

Appellant pleaded true to a sentencing enhancement alleging that he had a prior conviction for unlawful possession of a firearm by a felon. The jury assessed punishment at imprisonment for life. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*. Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal. We have considered counsel's brief and have conducted our own independent review of the record. *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988). We have found no reversible error.[1] *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that this appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby ***granted***, and we ***dismiss*** this appeal. *See In re Schulman*, 252 S.W.3d at 408–09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to

---

[1] We note that Appellant's trial counsel filed a notice of intent to raise an insanity defense and requested that disinterested experts be appointed to examine Appellant. The trial court ordered a psychiatric examination to determine whether Appellant was competent to stand trial, but did not order an evaluation of whether Appellant was sane at the time he shot Strong and himself. The written evaluation of Appellant's competency, in which the expert concludes that Appellant is competent, includes information about Appellant's past psychiatric history including that he had previously tried to commit suicide and that he was found not guilty by reason of insanity for an unspecified offense in 2002. Trial counsel did not pursue an insanity defense in this case, and there is no evaluation of Appellant's sanity at the time of the offense in the record. Because there is no evidence as to counsel's strategy or Appellant's sanity at the time of the offense, we cannot conclude that there are plausible grounds for a direct appeal related to this issue. *See, e.g.*, *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (record on direct appeal insufficient to show extent of trial counsel's investigation of insanity issue).

2

withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty, within five days of the date of this opinion, to send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days following the date of this opinion or the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered August 19, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)